IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  CRIMINAL ACTION NO. 5:06-cr-00059

DAVID MARTINAS EPPERSON, JR.,

        Defendant.

**REVOCATION OF SUPERVISED RELEASE AND JUDGMENT ORDER**

On June 8, 2009, the Defendant, David Martinas Epperson, Jr., appeared in person and by counsel, Edward H. Weis, AFPD, for a hearing on the *Petition for Warrant or Summons for Offender Under Supervision* submitted by the Defendant's supervising probation officer. The United States was represented at the hearing by John L. File, AUSA. United States Probation Officer Brett S. Taylor was also present at the hearing.

On March 28, 20001, the Defendant was sentenced to a term of imprisonment of 120 months to be followed by a 3-year term of supervised release. On October 16, 2002, the Defendant was re-sentenced to a term of imprisonment of 96 months to be followed by a 3-year term of supervised release. On April 21, 2008, the Defendant's term of supervised release was revoked at which time he was sentenced to a term of imprisonment of 11 months to be followed by a 2-year term of supervised release. The Defendant began serving the term of supervised release on October 24, 2008. On May 6, 2009, the *Petition for Warrant or Summons for Offender Under Supervision* [Docket 40] was filed charging the Defendant with violating certain conditions of supervised release.

At the hearing, the Court found that the Defendant had received written notice of the alleged violations as contained in the *Petition*, and that the evidence against the Defendant had been disclosed. The Court further found that the Defendant appeared, was given the opportunity to present evidence, and was represented in the proceeding by counsel.

The Court then found, by a preponderance of the evidence, that the Defendant violated certain conditions of supervised release as contained in the *Petition*, specifically:

1. **Violation of unnumbered standard condition: The defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance**: During a meeting with the [probation officer] on November 25, 2008, the defendant admitted to illegal use, and therefore possession, of percocets. Urine specimens collected on the following dates tested positive for illegal controlled substances: December 5, 2008, cocaine; December 9, 2008, cocaine and oxycodone; and December 12, 2008, cocaine and oxycodone[; and]

2. **Violation of condition Ordered by the Court in its Revocation Order entered April 23, 2008: The defendant shall participate in a program of testing, counseling, and treatment for drug and alcohol abuse as directed by the probation officer, until such time as the defendant is released from the program by the probation officer**: [The defendant] failed to report for urinalysis as scheduled on the following dates: March 23, 2009; April 28, 2009; and May 1, 2009. Urine specimens collected from [the defendant] on the following dates have tested diluted: March 16, 2009 and April 6, 2009.

In making these findings, the Court relied upon the information contained in the *Petition* and the Defendant's admission that he committed the violations contained therein.

Having found the Defendant to be in violation of the conditions of supervised release, the Court **REVOKED** the Defendant's supervised release and entered judgment as follows:

It is the **JUDGMENT** of the Court that the Defendant be committed to the custody of the Federal Bureau of Prisons for a term of **TIME SERVED**. It is **ORDERED**, however, that the Defendant remain in custody pending his placement at the Lebanon Community Corrections Center as more fully detailed below. The Probation Office is **DIRECTED** to advise the Court when the

Defendant is accepted at the Lebanon Community Corrections Center, at which time the Court will enter a subsequent order directing the Defendant's release from custody.

Upon release from custody, the Defendant shall be placed on supervised release for a term of **12 MONTHS**. The Defendant's 12-month term of supervised release shall commence at such time as he is released from custody and reports to the Lebanon Community Corrections Center as detailed below. While on supervised release, the Defendant must not commit another federal, state, or local crime, must not possess a firearm or other dangerous device, and must not unlawfully possess a controlled substance. The Defendant must also comply with the standard terms and conditions of supervised release as recommended by the United States Sentencing Commission and as adopted by the United States District Court for the Southern District of West Virginia, including the special condition that the Defendant shall participate in a program of testing, counseling, and treatment for drug and alcohol abuse as directed by the probation officer, until such time as the Defendant is released from the program by the probation officer. In addition, the Defendant shall comply with the following **SPECIAL CONDITION OF SUPERVISED RELEASE**:

> The Defendant shall serve his 12-month term of supervised release at the Lebanon Community Corrections Center, 168 Rogers Street, Lebanon, VA 24266, and shall comply with all of the rules and regulations of that facility.

Should there be any further violations by the Defendant of his supervised release conditions, the Probation Office is **DIRECTED** to file a new violation petition immediately.

As more fully set forth above, the Defendant is remanded to the custody of the United States Marshal and shall remain in custody pending his designation by the Bureau of Prisons to the Lebanon Community Corrections Center.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:   June 17, 2009

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE